UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| TRAN H.T.B.N., | |
| Petitioner, | Civil No. 26-1015 (JRT/JFD) |
| v. | |
| DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; | |
| JOEL D. GARCIA, *Director, El Paso Field Office, U.S. Immigration and Customs Enforcement*; | |
| TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*; | **ORDER GRANTING PETITION FOR HABEAS CORPUS** |
| KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and | |
| PAMELA BONDI, *U.S. Attorney General*; | |
| Respondents. | |

Petitioner Tran H.T.B.N is a citizen of Vietnam who has lived in the United States since 2012. ICE arrested the Petitioner on January 22, 2026. On February 3, 2026, Petitioner filed a Verified Petition for a Writ of Habeas Corpus. (Docket No. 1).

Respondents have answered. (*See* Docket No. 4.) Because Petitioner's detention is unlawful, the Court will grant Tran H.T.B.N's petition for writ of habeas corpus and will order her immediate release from custody.

## DISCUSSION

Petitioner is a citizen of Vietnam and a resident of Shakopee, Minnesota. (Verified Pet. Writ of Habeas Corpus ¶ 2, Feb. 3, 2026, Docket No. 1.) On January 22, 2026, several ICE agents entered her home without a warrant and arrested her. (*Id.* ¶ 19.) When she was arrested, Petitioner was taking care of her 3-year-old son. (*Id.*) Petitioner argues that her arrest and detention are unlawful.

Respondents rely on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention. The Court rejects that justification. After thorough review of the parties' filings, the Court concludes that the legal issues presented by Petitioner's habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, Civ. No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025), and *Romero Santuario v. Bondi*, Civ. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). Section 1225(b)(2) does not authorize the warrantless, notice-less arrest of an individual already present in the United States. For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that Petitioner's detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy. Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2)

Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court will grant Tran H.T.B.N's petition for writ of habeas corpus and will order her release from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Tran H.T.B.N's Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. If Petitioner is presently detained outside of the District of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

c. If Petitioner remains in detention in Minnesota, Respondents shall release Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order.**

d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** including location tracking or mandatory check-ins.

f. Both parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 11, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: February 8, 2026
at Minneapolis, Minnesota.
Time: 12:25 p.m.

JOHN R. TUNHEIM
United States District Judge