**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

TRAN H.T.B.N.,

Petitioner,

v.

DAVID EASTERWOOD, *Acting Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*; and

JOEL D. GARCIA, *Field Office Director, El Paso Field Office, U.S. Immigration and Customs Enforcement*

DAVID VENTURELLA , *Acting Director, Immigration and Customs Enforcement*;[1]

MARKWAYNE MULLINS, *Secretary, U.S. Department of Homeland Security*;[2]

U.S. DEPARTMENT OF HOMELAND SECURITY

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and

TODD BLANCHE , *U.S. Attorney General*;[3]

Respondents.

Civil No. 26-1015 (JRT/JFD)

**ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES**

---

[1] Automatically substituted for predecessor under Fed. R. Civ. P. 25.

[2] Automatically substituted for predecessor under Fed. R. Civ. P. 25.

[3] Automatically substituted for predecessor under Fed. R. Civ. P. 25.

Brian D. Clark and Gregory J. Myers, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401, for Petitioner.

David W. Fuller and David R. Hackworthy, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Earlier this year, Petitioner Tran H.T.B.N was arrested by immigration officials. On February 3, 2026, Petitioner filed a Verified Petition for a Writ of Habeas Corpus arguing that his detention violated the Fourth and Fifth Amendments of the United States Constitution, the Administrative Procedures Act, and the Immigration and Nationality Act.[4] The Court concluded that his detention was unlawful and ordered Petitioner's immediate release.

Petitioner now seeks attorney's fees under the Equal Access to Justice Act ("EAJA"). Respondents oppose the motion. Because the Court finds that Respondents' position in the underlying proceedings was not substantially justified, and because the requested fees are reasonable, the Court will grant the motion.

**DISCUSSION**

The Court set out the facts of Petitioner's arrest and detention in its prior order granting his habeas petition. (Order, Feb. 6, 2026, Docket No. 6.) Petitioner now seeks $11,725.00 in fees—for 48.1 hours of attorney time and paralegal time (at $250 per hour

[4] (Pet. Writ Habeas Corpus, Feb. 3, 2026, Docket No. 1.)

and $125 per hour, respectively) and $5.00 in costs—under the EAJA. (Mot. Atty.'s Fees at 9–10, March 20, 2026, Docket No. 14.) Respondents oppose the motion.[5]

Under the EAJA, a prevailing party in an action against the United States or one of its agencies is entitled to an award of attorney's fees and expenses unless the United States' position was substantially justified, or special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The Government's position includes both its position taken in the litigation and the underlying government agency conduct that led to the action. *See id.* § 2412(d)(2)(D). A substantially justified position need not be correct so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Bah v. Cangemi*, 548 F.3d 680, 683–84 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).

If an award is appropriate under the EAJA, the fees awarded must be "reasonable and necessary." *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988) (citation omitted). The party seeking an award must provide evidence to support the reasonableness of the fees, both as to the hourly rate and the hours worked and should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *see also Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003). A district court has substantial discretion when

[5] Respondents also sought an extension of time to submit their briefing. The Court will grant this request and has considered the already filed Respondents' opposition to the Petitioner's motion.

determining the reasonableness of attorney's fees. *Hensley*, 461 U.S. at 437; *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084–85 (8th Cir. 2000).

After thorough review, the Court is persuaded that Respondents' position throughout the litigation was not substantially justified in all aspects of the law, and that Petitioner's requested fees are reasonable. While the Eighth Circuit did agree with the Respondents' construction of 8 U.S.C. § 1225(b)(2), Respondents did not respond to all aspects of Petitioner's habeas claim. *See, e.g.*, *Riky A.M.L. v. Blanche*, Civ. No. 26-1429, 2026 WL 2241589, at *4 (D. Minn. Aug. 4, 2026).

Respondents alternatively ask the Court to reduce the amount of the requested fee. The Court declines to do so. The Court has reviewed the time recorded and the accompanying billing narratives carefully and has also considered the circumstances under which the petition was filed. The Court finds that the time spent was reasonable in part because this petition appears to be one of hundreds prepared and filed during Operation Metro Surge by lawyers with little or no immigration law experience.[6] While the lawyers may have needed to spend more time on this case than a lawyer with more experience in immigration law, it was these lawyers' willingness to work outside their practice areas that provided detainees with essential and timely access to the courts.

[6] *See e.g.*, Max Nesternak, *Lawyers filed over 1,000 lawsuits challenging immigrant detentions during Operation Metro Surge*, Minnesota Reformer (Feb. 19, 2026), https://minnesotareformer.com/2026/02/19/lawyers-filed-over-1000-lawsuits-challenging-immigrant-detentions-during-operation-metro-surge/ (last accessed July 29, 2026) [https://perma.cc/3XPY-ARJ2].

Accordingly, the Court will grant the motion, and award Petitioner attorney's fees in the amount of $11,725.00.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Tran H.T.B.N's Motion for EAJA Fees (Docket No. [14]) is **GRANTED**, and Petitioner is awarded $11,725.00 in reasonable costs and attorney's fees under the EAJA, 28 U.S.C. § 2412.

DATED: September 24, 2026
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge